IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 5, 2015

## STATE OF TENNESSEE v. CALVIN COE

**Appeal from the Circuit Court for Tipton County**
**No. 7802     Joseph H. Walker III, Judge**

---

**No. W2014-01854-CCA-R3-CD -  Filed July 1, 2015**

---

Appellant stands convicted of driving under the influence of an intoxicant, fourth offense, and driving on a cancelled, suspended, or revoked license, second offense.  The trial court sentenced appellant to an effective eighteen-month sentence, suspended to supervised probation after serving 150 days in confinement.  On appeal, appellant argues that the trial court violated the Tennessee Rules of Evidence and appellant's Equal Protection rights by limiting appellant's cross-examination of Officer Norris regarding any racial bias or any disciplinary action the police department levied against Officer Norris due to racially-biased language.  Following our review of the parties' briefs, the record, and the applicable law, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Virginia M. Crutcher, Atoka, Tennessee, for the appellant, Calvin Coe.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and James Walter Freeland, Jr., and Jason Randall Poyner, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

This case arose from the traffic stop of appellant in the early morning hours of March 16, 2013, and the subsequent detention of appellant for blood-alcohol testing related to charges of driving under the influence of an intoxicant ("DUI").  Appellant was later indicted for DUI per se; DUI; DUI, fourth offense; driving on a cancelled, suspended, or revoked license; and driving on a cancelled, suspended, or revoked license,

third offense. Appellant's trial on these charges began on August 18, 2014. The trial court bifurcated the trial. First, the jury heard evidence regarding the facts of the March 16 stop. Second, appellant conceded that he had prior convictions for DUI and driving on a cancelled, suspended, or revoked license.

## I. Facts from Trial

On March 16, 2013, Covington Police Department Officer Billy Norris was patrolling in an area that had "disruptions" around the time that the bars in that area closed. Officer Norris was driving south on Highway 51 North when appellant, leaving a bar in his car, entered the roadway in front of Officer Norris, causing Officer Norris to slow down and change lanes to avoid a collision. Officer Norris observed appellant turn right onto Ervin Lane and noticed that appellant crossed the center line several times. Officer Norris effectuated a stop. After encountering appellant, Officer Norris smelled the odor of alcohol on appellant's person. Appellant admitted that he had been drinking earlier in the day, but he asserted that he had not consumed alcohol that night. Officer Norris searched appellant's car during the stop, finding an unopened bottle of Crown Royal whisky. Appellant also admitted that his driver's license was suspended, which Officer Norris verified through dispatch. Appellant was unsteady while standing and performed "poorly" on the walk-and-turn test by not following instructions and by stopping during the test. Appellant also did not perform the one-leg stand test "as requested." Officer Norris arrested appellant at 3:04 a.m. After appellant signed the implied consent form, Officer Norris transported appellant to the hospital to have blood drawn; the duration of the drive was approximately twelve minutes. The blood sample was submitted to the Tennessee Bureau of Investigation ("TBI") for testing. The results of the testing showed that appellant had a blood-alcohol level of 0.26.

A jury found appellant guilty of DUI, DUI per se, and driving on a cancelled, suspended, or revoked license. Appellant then pleaded guilty to DUI, fourth offense, and driving on a cancelled, suspended, or revoked license, second offense.[1] The trial court merged the DUI convictions and merged the driving on a cancelled, suspended, or revoked license convictions. Appellant stands convicted of DUI, fourth offense, and driving on a cancelled, suspended, or revoked license, second offense. The trial court sentenced appellant to eighteen months, suspended to supervised probation after serving 150 days in incarceration, for the DUI conviction with a concurrent eleven-month-and-twenty-nine-day sentence for the driving on a cancelled, suspended, or revoked license

---

[1] The trial court found that appellant had two prior convictions for driving on a cancelled, suspended, or revoked license but that one of the offenses was over ten years old. *See* Tenn. Code Ann. § 55-50-504(a)(2). The State conceded that the offense should not be considered. Therefore, appellant stands convicted of driving on a cancelled, suspended, or revoked license, second offense, rather than third offense.

conviction, also to be suspended to probation after appellant serves 150 days in confinement.

## II.  Analysis

Appellant argues that the trial court violated the Tennessee Rules of Evidence and appellant's Equal Protection rights by limiting appellant's cross-examination of Officer Norris regarding any racial bias or any disciplinary action the police department levied against Officer Norris due to racially-biased language.  The State responds that appellant waived this issue by failing to file a motion for new trial and that the trial court did not commit plain error.  In his reply brief, appellant argues that he is entitled to plain error review.

Appellant's argument rests solely on a series of questions that occurred during Officer Norris's cross-examination.  The contested colloquy took place as follows:

Q:  Okay.  Did you ever have any disciplinary actions when you were at the police department?

[Prosecutor]:  Your Honor, may we approach?

THE COURT:  The objection will be sustained.

[Defense Counsel]:  It's just going to his credibility, Your Honor.

THE COURT:  The objection will be sustained.

[Defense Counsel]:  Okay.

Q:  So you never -- did you ever get in trouble while you were there at the police department?

A:  Yes, ma'am.

[Prosecutor]: Your Honor, I object.

THE COURT:  The objection will be sustained.

Q:  So, did you ever -- did you like being a police officer?

A:  I enjoyed it, yes, ma'am.

Q:  You enjoyed it.  Did you want to leave?

A:  Yes, ma'am.

[Prosecutor]:  Your Honor, can we approach?

THE COURT:  Yes, sir, you can approach.

[A bench conferences ensued].

[Prosecutor]:  Your Honor, she is simply asking the same question, and the same objection has been sustained twice now, different ways.  And now if she's got something to get to that's relevant some way, that's fine.  But if it's not going to be relevant to his credibility, I'd ask that counsel move on.

. . . .

[Defense Counsel]:  I think he's made some racial remarks that I think are relevant, while he was on duty.

THE COURT: The objection will be sustained.  Go to another subject, please.

[Defense Counsel]:  Okay.

[The bench conference concluded].

THE COURT:  Okay.  Ladies and gentlemen, the Court sustained the objection because the questions had nothing to do with this case.  Okay. Go to another question, please.

[Defense Counsel]:  Thank you, Your Honor.

While appellant objected at trial, appellant failed to file a motion for new trial. Tennessee Rule of Appellate Procedure 3(e) states, "[I]n all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence . . . unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived."  Tennessee Rule of Appellate Procedure 13(b) explains:

Review generally will extend only to those issues presented for review. The appellate court shall also consider whether the trial and appellate court have

jurisdiction over the subject matter, whether or not presented for review, and may in its discretion consider other issues in order, among other reasons: (1) to prevent needless litigation, (2) to prevent injury to the interests of the public, and (3) to prevent prejudice to the judicial process.

Furthermore, the Tennessee Rules of Appellate Procedure provide:

A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process. When necessary to do substantial justice, an appellate court may consider an error that has affected the substantial rights of a party at any time, even though the error was not raised in the motion for a new trial or assigned as error on appeal.

Tenn. R. App. P. 36(b). This type of review is referred to as plain error review.

The accepted test for plain error review requires that:

(a) the record must clearly establish what occurred in the trial court;

(b) a clear and unequivocal rule of law must have been breached;

(c) a substantial right of the accused must have been adversely affected;

(d) the accused did not waive the issue for tactical reasons; and

(e) consideration of the error is "necessary to do substantial justice."

*State v. Smith*, 24 S.W.3d 274, 282 (Tenn. 2000) (quoting *State v. Adkisson*, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994)). To rise to the level of "plain error," an error "'must [have been] of such a great magnitude that it probably changed the outcome of the trial.'" *Adkisson*, 899 S.W.2d at 642 (quoting *United States v. Kerley*, 838 F.2d 932, 937 (7th Cir. 1988)). All five factors must be established by the record before a court will find plain error. *Smith*, 24 S.W.3d at 282. Complete consideration of all the factors is not necessary when clearly at least one of the factors cannot be established by the record.

Appellant has not proven plain error. We conclude that consideration of the issue is not necessary to do substantial justice. There was an overwhelming amount of evidence against appellant at trial. In addition to the arresting officer's testimony that appellant pulled out in front of him, swerved in the road, smelled of alcohol, failed the field sobriety tests, and admitted drinking earlier in the day, the jury viewed the video of

the arrest and heard evidence from a Tennessee Bureau of Investigation forensic scientist that appellant's blood-alcohol level was 0.26. We also note that appellant failed to provide a proffer of proof for the record to determine exactly what Officer Norris's responses would have been. Therefore, even though appellant asserts that Officer Norris had been disciplined for using racially-biased language, there is nothing in the record to support this claim. Based on the record as a whole, appellant has failed to prove that if he had been allowed impeached Officer Norris, the outcome of the trial would have been different. Appellant is not entitled to plain error review.

## CONCLUSION

Based on the parties' briefs, the record, and the applicable law, we affirm the judgments of the trial court.

_____
ROGER A. PAGE, JUDGE